plaintiffs took their second bill of exceptions.

The defendant's counsel, Mr. Jones, then claimed for him; first, a credit against the said note for the full value of all the said property upon which the said distress was levied, though such value should exceed what the property produced at the sale; secondly, a credit for the value of so much of the property conveyed by the said first deed of trust as the jury may, from the evidence, find that the plaintiffs might, with reasonable diligence, have had brought to sale, under the said deed, and which was lost or destroyed by the fault and negligence of the plaintiffs.

But THE COURT, at the instance of the plaintiffs' counsel, decided, and so instructed the jury, that the defendant was not entitled, at law, to any such credit for more than the money actually received by the bank, for the proceeds of the sales so made, under the said distress and deed of trust. To which instruction the defendant excepted.

Mr. Coxe, for the plaintiffs, in order to show that the plaintiffs had a right to distrain the goods conveyed to Mr. Richard Smith, in trust to secure payment of the note, cited Bradb. Dist. (2d Ed.) c. 4, p. 73; Comyn, Landl. & T. 382, 383; Newman v. Anderton, 2 Bos. & P. (N. R.) 224; Davies v. Powell, Willes, 46; and Buckley v. Taylor, 2 Term R. 600.

Mr. Jones and Mr. Dunlop, contra, contended that where goods are on the premises for a certain purpose, with the consent of the landlord, they are not liable to distress for rent. These goods were left on the premises, with the plaintiffs' consent, for the security of a certain debt for which the defendant was surety. Besides, the bank, which was in effect the trustee under the deed made to their cashier, was bound to preserve the trust-fund to pay the specific debt charged upon it. Fowkes v. Joyce, 2 Vern. 129; Tate v. Gleed, 2 Wms. Saund. 290, note 7.

The net proceeds of the sales under the distress were $1,262.04, which the jury deducted from the amount of the note, and gave their verdict for the balance, $5,087.51. No writ of error has been prosecuted.

BANK OF THE UNITED STATES, (SWAN v.) See Case No. 13,668.

## Case No. 937.

BANK OF THE UNITED STATES v. SWANN.

[2 Cranch, C. C. 368.] [1]

Circuit Court, District of Columbia. Nov. Term, 1822.

NEGOTIABLE INSTRUMENTS — DISHONOR — TIME OF NOTICE TO INDORSER.

Notice to the indorser, put into the post-office at Washington, for the defendant in Al-

exandria, on the day after the last day of grace, after the closing of the mail of that day, is too late.

[See Seventh Ward Bank v. Hanrick, Case No. 12,678; Fullerton v. Bank of U. S., 1 Pet. (26 U. S.) 604; Lenox v. Roberts, 2 Wheat. (15 U. S.) 373; Bank of Alexandria v. Swann, 9 Pet. (34 U. S.) 33.]

At law. Assumpsit against [Thomas Swann] the indorser of a promissory note due 11th–14th December, 1819.

The notice to the indorser, who lived in Alexandria, was put into the post-office at Washington, on the 15th of December, after the mail of that day for Alexandria had been closed.

THE COURT (THRUSTON, Circuit Judge, absent) said it was too late. Non-pros.

## Case No. 938.

BANK OF THE UNITED STATES v. VAN NESS et al.

[5 Cranch, C. C. 294.] [1]

Circuit Court, District of Columbia. March Term, 1837. [2]

DISTRICT OF COLUMBIA — JURISDICTION OF MARYLAND—EQUITY—DEED BY GUARDIAN AD LITEM.

1. On the 26th of October, 1801, after congress had, by the act of the 27th of February, 1801, [2 Stat. 103. c. 15,] exercised exclusive legislation over the District of Columbia, the chancellor of Maryland had jurisdiction to decree a conveyance, by an infant, of lands in that district, in pursuance of a contract made by the ancestor of the infant; the suit, for a specific performance, having been commenced before congress had exercised such exclusive legislation.

[See note at end of case.]

2. The chancellor of Maryland, on the 26th of October, 1801, decreed that the infant, Marcia Burns, should, in a certain event, by W. M. D., her guardian ad litem, convey to J. P. V., the purchaser, the property in question. Upon the happening of the event, a deed, purporting to be from the infant by her guardian, and concluding thus: "In witness whereof the said Marcia," (the infant,) "by W. M. D., her guardian in this case, hath hereunto set her hand and seal the day and year before mentioned," was signed by the said W. M. D., "guardian of the said Marcia Burns," and sealed with his seal. The commissioner who took the acknowledgment certified that the said W. M. D. acknowledged the instrument to be "his act and deed as guardian aforesaid, and thereby the act and deed of the said Marcia." Held, that this deed, thus signed, sealed, delivered, acknowledged, and duly recorded, was a good and sufficient execution of the decree, and a good deed to pass the title to the purchaser; and that if it be not, yet by the act of Maryland of 1785, c. 72, § 14, the decree itself stands as a conveyance.

[See note at end of case.]

At law. Ejectment [by the lessee of the Bank of the United States against John P. Van Ness and William Jones] for lots 6 and 7 in the square 226 in the city of Washington.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Affirmed in 13 Pet. (38 U. S.) 17.]